UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**DAVID EARL McALISTER**,

                Plaintiff,

  v.                               Case No. 14-cv-990-pp

**DR. KAREN BUTLER,**

                Defendant.

**DECISION AND ORDER DIRECTING SERVICE OF THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING THE DEFENDANT'S EXPEDITED MOTION FOR A QUALIFIED PROTECTIVE ORDER (ECF NO. 17), DENYING THE PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (ECF NO. 13), AND DENYING WITHOUT PREJUDICE THE PLAINTIFF'S MOTION TO APPOINT COUNSEL (ECF NO. 12)**

Before the court are motions by both parties. The defendant has filed an expedited motion for protective order (ECF No. 17) and a motion for summary judgment (ECF No. 18). The plaintiff has filed a motion for preliminary injunction (ECF No. 13) and a motion to appoint counsel (ECF No. 12).

Before addressing each of these motions in turn, the court must address the plaintiff's refusal to provide discovery to the defendant. The plaintiff's complaint alleges that the defendant was deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment. In her December 2, 2014 response to the plaintiff's motion for a preliminary injunction, the defendant stated that "the plaintiff has refused to sign medical authorizations allowing defendant to access his medical records." (ECF No. 14 at 1)

1

Federal Rule of Civil Procedure 26 is the rule that requires parties to exchange relevant documents. It is designed to make sure that no party is "sandbagged"—that each party has access to the information that the other side is using to support its claim. Basically, the rule provides for the plaintiff to see the evidence upon which the defendant is going to rely, and for the defendant to see the evidence upon which the plaintiff is going to rely, so that everyone is on the same page.

Rule 26 makes clear that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ," and that the court, for good cause, "may order discovery of any matter relevant to the subject matter involved in the action." There is no question that the plaintiff's medical records are relevant to his claim that the defendant was deliberately indifferent to his medical condition. To the court's knowledge, the plaintiff has provided no basis or explanation for his refusal to sign the authorization for release of those records. The plaintiff's refusal to sign the authorization means that the defendant cannot view or review his medical records, depriving the defendant of her right to defend against the plaintiff's lawsuit.

Because the discovery rules are important to ensure fairness, the rules provide for penalties for parties who don't follow them. Fed. R. Civ. P. 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The rule goes on to say that "[u]nless the dismissal order states otherwise,

a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Civil Local Rule 41(c) of the Eastern District of Wisconsin states, "Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action, the Court may enter an order of dismissal with or without prejudice. . . ." Finally, Fed. R. Civ. P. 37(b)(2)(A) states that if a party "fails to obey an order to provide or permit discovery," the court "may issue further just orders." Those "just orders" include "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v).

So, if the plaintiff does not provide the defendant with an executed authorization allowing the defendant access to his medical records within fourteen (14) days of this order, the court will impose the penalty provided for in the rules, and will dismiss the plaintiff's complaint, pursuant to Rules 41 and 37.

### **The Defendant's Motion for Summary Judgment**

On February 5, 2015, the defendant filed a motion for summary judgment. (ECF No. 18)  In a letter filed February 26, 2015, the defendant's counsel informed the court that on two separate occasions, the defendant had attempted to serve the motion for summary judgment on the plaintiff at Fox Lake Correctional Institution, where he is incarcerated. (ECF No. 22)  The first time the defendant sent the motion to the plaintiff, the mail was returned, with a note indicating, "Return to Sender Insufficient Address Unable to Forward, Inmate McAlister said this is not his." Id., ECF No. 21. The second time, the mailing came back with a note from prison staff stating that the defendant

3

refused to accept service because "his middle name is not Earl." (ECF No. 22) In the letter, defense counsel asked the court to rule on the defendant's motion for summary judgment without a response from the plaintiff, or alternatively, to issue a Notice of Dismissal pursuant to Federal Rule of Civil Procedure 41(b) and Civil Local Rule 41(c) for lack of diligent prosecution. Id.

The plaintiff's conduct is unacceptable. He filed this lawsuit. He is using the federal court system to try to get relief on his claims that the defendant violated his constitutional rights. If he wants to use this system, then he must follow the rules of this system. The court is going to order the defendant to re-serve the plaintiff with her motion for summary judgment within seven (7) days of this order, and to file a notice of service with the court. The court will order that if the plaintiff again refuses service, the defendant must promptly notify the court in writing. If the plaintiff refuses service again, the court will dismiss his complaint for lack of diligent prosecution pursuant to Civil Local Rule 41(c). If the plaintiff accepts service but does not respond to the defendant's motion for summary judgment within thirty (30) days of that service, the court will treat the defendant's motion as unopposed, and will decide the motion based solely on the brief and proposed findings of fact that the defendant has submitted.

**The Defendant's Expedited Motion for a Qualified Protective Order**

On December 8, 2014, the defendant filed an expedited motion for a qualified protective order under Civil Local Rule 7(h), which allows a party to request quick relief on a motion that does not decide the whole case. (ECF

No. 17) In that motion, the defendant asked the court to enter a qualified protective order that complies with the privacy rule of the Health Insurance Portability and Accountability Act (HIPAA), so that the plaintiff's medical providers could disclose the plaintiff's records in response to a subpoena, even without an authorization from the plaintiff. *See* 45 C.F.R. §164.512. The defendant asked for this qualified protective order because of the plaintiff's refusal to sign an authorization allowing the defendant to access the plaintiff's medical records.

Although the court understands why the defendant needs the medical records, and certainly agrees that the defendant is entitled to the records, the defendant's motion is not proper for procedural reasons. The provisions of Civil Local Rule 7(h) are not available in 42 U.S.C. §1983 actions brought by incarcerated persons proceeding *pro se*. Civil L. R. 7(h)(3). For that reason, the court will deny the defendant's Rule 7(h) motion.

The court notes that the defendant filed her motion for summary judgment without having had the opportunity to view the plaintiff's medical records. The court has indicated above that it is ordering the plaintiff to sign the release or face dismissal of his case, which means that the defendant may have the opportunity to review the records after having filed her summary judgment motion. If, after reviewing the medical records, the defendant needs to supplement and/or refile her summary judgment motion, the court will allow her to ask for additional time to do so, as long as she makes that request within seven (7) days of receiving access to the records.

## The Plaintiff's Motion for Preliminary Injunction

The plaintiff filed a motion, asking the court to order the defendant to give the plaintiff his medication (insulin) to prevent further harm. (ECF No. 13) The plaintiff's motion is signed under oath, meaning that he has sworn that all factual allegations in it are true. He argues that he endured excruciating pain for nine months due to the defendant's negligence, and that he developed an infection in his pancreas because he hasn't been given his insulin. The plaintiff also states that he suffered great emotional and mental anguish. The plaintiff asks the court to grant him injunctive relief to avoid any further physical damage, and to provide temporary relief until he can get permanent relief.

In response to the plaintiff's motion, the defendant filed a sworn statement of her own. (ECF No. 16) The defendant states that she was aware of the plaintiff's diabetes, that his blood sugar levels were monitored twice daily in conjunction with frequent hemoglobin checks, that he received oral medication daily to control his blood sugar and hemoglobin levels, and that at times he received insulin injections based on the results of the monitoring. In addition, the defendant says she prescribed primarily oral medication to control the plaintiff's blood sugar and hemoglobin levels, but also used her medical judgment according to the sliding scale insulin therapy she employed when determining the plaintiff's need for an insulin injection. According to the defendant, the use of this oral medication was consistent with, and a continuation of, the treatment plan developed by the plaintiff's outside primary doctor prior to his arrival at the jail. The defendant stated that she saw the

6

plaintiff only two weeks prior to the date of her declaration (dated December 1, 2014), and that he was doing well, had no need for insulin, and didn't ask for insulin.

To obtain preliminary injunctive relief, the plaintiff must show that (1) his underlying case has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. *Wood v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). If the plaintiff demonstrates those three factors, the court then must balance the harm to each party and to the public interest from granting or denying the injunction. *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

The court cannot find, at this point, that the plaintiff has established that his underlying case has a likelihood of success on the merits. Both parties have provided sworn statements that directly contradict each other. These contradictions create questions of fact which the court can't resolve without more information or evidence. In addition, all of the plaintiff's references to the pain and damage caused by the defendant's alleged deliberate indifference were in the past tense. The plaintiff didn't state in the motion (filed October 30, 2014) that he was in pain, or currently in danger of additional harm. Finally, the plaintiff's motion focuses almost exclusively on his request for compensatory damages. His entire request for relief talks about why he should receive money damages—the prayer does not ask the court to order anyone to do anything.

Because the court cannot find that the plaintiff has demonstrated a likelihood of success on the merits of the case, because the court does not have any indication that the plaintiff is currently suffering harm, and because the plaintiff's prayer for relief does not request equitable relief, the court will deny the motion for preliminary injunction.

### The Plaintiff's Motion to Appoint Counsel

In his motion to appoint counsel, the plaintiff explains that he cannot afford to hire a lawyer and is proceeding *in forma pauperis*. (ECF No. 12) He also argues that the issues in this case are complex, and that his imprisonment greatly limits his ability to litigate those issues, which he states will involve substantial investigation and discovery. He also asserts that he has made repeated unsuccessful efforts to obtain information from the defendant to no avail.

In a civil case, the court has discretion to decide whether to recruit a lawyer for someone who cannot afford one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). First, however, a person has to make a reasonable effort to hire private counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). In this district, a plaintiff can demonstrate he has made a reasonable effort to hire counsel on his own by providing the court with the names of at least three attorneys he tried to contact, along with the dates of the attempted contact.

8

After a plaintiff demonstrates he has made a reasonable attempt to hire counsel, the court will decide "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). To decide that, the court looks not only at the plaintiff's ability to try his case but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." *Id.*

The plaintiff has not demonstrated that he has made a reasonable attempt to hire counsel on his own—he has not provided names or information regarding attorneys he has contacted. Even if the plaintiff had provided evidence of a reasonable effort to hire counsel on his own, he has not demonstrated that the case is so complex that he cannot, at this stage of the proceedings, handle it on his own. The plaintiff has demonstrated in his filings with the court to date that he is capable of clearly presenting his claims and the facts upon which those claims are based. His filings are organized, detailed, and easy to understand. For these reasons, at this time the court will deny the plaintiff's motion to appoint counsel, without prejudice.

## CONCLUSION

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel (ECF No. 12).

The court **DENIES** the plaintiff's motion for preliminary injunction (ECF No. 13).

9

The court **DENIES** the defendant's Civil Local Rule 7(h) expedited motion for qualified protective order (ECF No. 17).

The court **ORDERS** that within **seven (7) days** of the date of this order, the defendant shall serve the plaintiff with her motion for summary judgment. If the plaintiff refuses service of the motion, the defendant shall promptly notify the court in writing. The court **ORDERS** that if the plaintiff again refuses service, the court will dismiss this case with prejudice based on the plaintiff's failure to diligently prosecute.

The court **ORDERS** that within **fourteen (14) days** of the date of this order, the plaintiff shall execute and deliver to the defendant an authorization allowing the defendant to access his medical records. If the plaintiff fails to provide the defendant with an executed authorization within the fourteen-day deadline specified by this order, the defendant shall promptly notify the court in writing. If the court receives such a notification, the court will dismiss the case with prejudice based on the plaintiff's failure to diligently prosecute.

Dated at Milwaukee this 18th day of June, 2015.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge